United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41641
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO MORALES-CERNA, also known as Milton Morelas-Serna,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-601-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alberto Morales-Cerna (Morales) appeals his guilty-plea conviction and sentence for illegal reentry. See 8 U.S.C. § 1326(b). The Government's "motion for reconsideration of the motion to supplement the record with documents in possession of the federal probation officer concerning Morales's prior North Carolina state conviction for attempted trafficking in marijuana" is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morales's sentence was increased by 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B) on the basis of his prior North Carolina conviction for attempting to transport marijuana. See N.C. GEN. STAT. §§ 90-95, 90-98 (2001). Morales argues that this was a misapplication of the Guidelines.

A "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1) is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)) (2003). North Carolina's labeling of the offense of transporting more than 10 pounds of marijuana as "trafficking" is not controlling. See Taylor v. United States, 495 U.S. 575, 592 (1990)). The North Carolina offense does not fall within U.S.S.G. § 2L1.2's definition of a drug trafficking offense. See United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Therefore, the 12-level enhancement was inapplicable. Morales's sentence is vacated and this case is remanded to the district court for resentencing.

Morales argues that the district court misapplied the Guidelines when it imposed a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. The enhancement was based on Morales's failure to be truthful about his identity with

law enforcement officers and with the probation officer.  The sentencing transcript indicates that the district court may have imposed this enhancement on the basis of Morales's untruthfulness about his identity in a previous illegal reentry case.  If that was the case, the enhancement was unwarranted because it applies only to obstruction of justice in the instant case.  See U.S.S.G. § 3C1.1.  Because this case is being remanded for resentencing based on the district court's misapplication of U.S.S.G. § 2L1.2(b)(1)(B), the district court will have the opportunity to reexamine the U.S.S.G. § 3C1.1 enhancement to determine its applicability to this case.

Morales challenges the constitutionality of 8 U.S.C. § 1326(b).  However, Morales's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Morales contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276.  Morales properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

MOTION FOR RECONSIDERATION OF THE MOTION TO SUPPLEMENT THE RECORD WITH DOCUMENTS IN POSSESSION OF THE FEDERAL PROBATION

OFFICER CONCERNING MORALES' PRIOR NORTH CAROLINA STATE CONVICTION

FOR ATTEMPTED TRAFFICKING IN MARIJUANA GRANTED; CONVICTION

AFFIRMED; SENTENCE VACATED; CASE REMANDED.